UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1597 PA (AGRx); LA CV 21-6899 PA (AGRx) | Date | March 26, 2022 |
|---|---|---|---|
| Title | Hideyuki Kimura v. Federal Aviation Administration; Hideyuki Kimura v. Lisa Toscano, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), or in the Alternative, for Summary Judgment ("Motion") filed by defendant United States of America ("United States").  (Docket No. 45, Kimura v. FAA, 5:21-cv-1597-PA-AGR.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

On August 27, 2021, Plaintiff Hideyuki Kimura ("Plaintiff"), who is proceeding pro se, filed an initial complaint against Lisa Toscano, Adam Runkel, and Anthony Wood (the "Officer Defendants").  See Hideyuki Kimura v. Lisa Toscano et al., 2:21-cv-6899-PA-AGR.  On October 18, 2021, Plaintiff filed a second, duplicative complaint against the Federal Aviation Administration ("FAA").  See Hideyuki Kimura v. FAA, 5:21-cv-1597-PA-AGR.  Plaintiff alleges that the FAA and Officer Defendants, acting in retaliation for Plaintiff's authorship of a book criticizing the FAA, altered evidence and falsified records related to two flights that Plaintiff piloted in January 2016.  As a result of those incidents, the FAA suspended Plaintiff's commercial pilot certificate on April 11, 2017.  Plaintiff alleges to have sent over a thousand emails to the FAA staff regarding the certificate suspension, but since December 2018 has not received any response.  Plaintiff also alleges he appealed the suspension before an administrative law judge, who ultimately dismissed the appeal.

Plaintiff enlisted the aid of an attorney in pursuing potential claims and, on December 20, 2020, sent an SF-95[1] to the FAA.  The attorney apparently took no further action, so Plaintiff elected to initiate suit against the FAA and Officer Defendants without counsel.  Plaintiff asserts a laundry list of claims: "Code of Federal Resulations [sic] Title 14 Aeronautics and Space[,] U.S. Department of Transportation Federal Aviation Administaratrion [sic] Order JO

---

[1]     An SF-95 is a Standard Form 95, used for making a formal claim for damage, injury, or death against a federal agency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 21-1597 PA (AGRx); LA CV 21-6899 PA (AGRx) | Date | March 26, 2022 |
| Title | Hideyuki Kimura v. Federal Aviation Administration; Hideyuki Kimura v. Lisa Toscano, et al. | | |

7110.65Y[,] Civil code: Infringment [sic], Defamation, Libel, Racism, Discrimination, Prejudice against national origin[,] Criminal cade [sic] : Tamparing [sic] restricted data, Mischeif [sic], Misconduct, Negligence, Hiding, [and] Conspiracy." (Docket No. 2, Kimura v. FAA, 5:21-cv-1597-PA-AGR.) Plaintiff seeks relief in the form of an admission of guilt, the return of his certificate, recovery of his honor, and compensatory damages. By his calculations, Plaintiff is entitled to three separate compensatory damage awards of $4.5 billion, $94.5 million, and $3.8 million.

      The United States, moving as the real party in interest, seeks dismissal or summary judgment of both of Plaintiff's actions[2/] for lack of subject matter jurisdiction and for failure to timely file a claim. The Federal Tort Claims Act ("FTCA"), only waives the government's sovereign immunity for a suit against the United States and provides that the federal district courts have exclusive jurisdiction over suits against the United States. See 28 U.S.C. § 1346(b)(1); Will v. United States, 60 F.3d 656, 659 (9th Cir. 1995). If a suit is cognizable under § 1346(b) of the FTCA, the FTCA remedy is exclusive, and the federal agency and government employees cannot be sued in their own name. F.D.I.C. v. Meyer, 510 U.S. 471, 476, 114 S. Ct. 996, 1000-01, 127 L. Ed. 2d 308 (1994); Will, 60 F.3d at 659. The United States asserts that it is the only proper defendant under the FTCA and thus seeks dismissal for the wrongly named defendants. The United States also argues dismissal without leave to amend is appropriate because even if Plaintiff correctly names the United States, the FTCA bars tort claims against the United States unless they are presented in writing within two years of accrual. See 28 U.S.C. § 2401(b); United States v. Kubrick, 444 U.S. 111, 113, 100 S. Ct. 352, 355, 62 L. Ed. 2d 259 (1979). According to the United States, Plaintiff's claim accrued in either 2016 when the flight incidents occurred or 2017 when the FAA issued the Emergency Order suspending Plaintiff's commercial pilot certificate, making Plaintiff's December 2020 written claim untimely.

      Plaintiff filed several oppositions to the United States' Motion, some before it was even filed, bifurcating responses to the United States' request in the alternative for dismissal or summary judgment. (See Docket Nos. 19, 20, 47, 54, Kimura v. FAA, 5:21-cv-1597-PA-AGR.) Plaintiff also filed an Opposition to the United States' Reply brief. (See Docket No. 58, Kimura v. FAA, 5:21-cv-1597-PA-AGR.) These filings, which violate the Local Rules and this Court's Standing Order, come as no surprise to the Court. Plaintiff has established a pattern of repeatedly filing and seeking to file documents in contravention of the rules, despite Court

---

[2/]    While the United States did not file its Motion on the docket in Kimura v. Toscano, 21-cv-6899-PA-AGR, the United States specifically requests dismissal of both actions and Plaintiff filed oppositions in both cases, recognizing that the Government seeks dismissal of both actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1597 PA (AGRx); LA CV 21-6899 PA (AGRx) | Date | March 26, 2022 |
|---|---|---|---|
| Title | Hideyuki Kimura v. Federal Aviation Administration; Hideyuki Kimura v. Lisa Toscano, et al. | | |

warnings that the filings may result in the imposition sanctions, including dismissal. (See Docket Nos. 10, 19, Kimura v. Toscano, 2:21-cv-6899-PA-AGR.) Plaintiff has also failed to properly effect service in Kimura v. Toscano, 2:21-cv-6899-PA-AGR, despite the Court providing additional time. And on February 3, 2022, the Court issued a Minute Order recognizing the duplicative nature of Plaintiff's cases and requiring Plaintiff to dismiss one of the actions by February 25, 2022. (See Docket No. 29, Kimura v. FAA, 5:21-cv-1597-PA-AGR.) Plaintiff has failed to dismiss either, instead insisting that both actions are necessary. Despite Plaintiff's continued misconduct, the Court has considered all of Plaintiff's arguments in reaching a resolution on the merits.

Plaintiff's arguments to the United States' Motion fall into three categories: first, that Plaintiff is not asserting a claim falling under the FTCA; second, that the United States did have timely notice of Plaintiff's claim; and third, that any untimeliness should be excused because Plaintiff lived outside the country since 2016. However, several of Plaintiff's claims clearly fall within the FTCA's limited waiver of sovereign immunity, and while Plaintiff did not specifically bring suit thereunder, the FTCA provides the exclusive remedy for Plaintiff's tort claims.[3] As the FTCA requires Plaintiff to name the United States as defendant, rather than the FAA or Officer Defendants, Plaintiff's tort claims against the FAA and Officer Defendants are properly dismissed for lack of jurisdiction. See 28 U.S.C. §§ 2679(a) & (b)(1); F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.").

Plaintiff's tort claims are also properly dismissed for failing to satisfy the presentment requirement of the FTCA. "Under the FTCA, a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. A claim accrues when a plaintiff knows that he has been injured and who has inflicted the injury." Winter v. United States, 244 F. 3d 1088, 1090 (9th Cir. 2001) (internal citation and quotation omitted). "To satisfy the presentation requirement, a plaintiff 'need only file a brief notice or statement with the relevant federal agency containing a general description of the time, place, cause and general nature of the injury and the compensation demanded.'" Gault v. United States, No. CV 20-10687 PA (PVC), 2021 WL 4507489, at *6 (C.D. Cal. Sept. 9, 2021) (quoting Goodman v. United States, 298 F.3d 1048, 1055 (9th Cir. 2002)); see also 28

---

[3] Several of those tort claims fail as a matter of law, because there is no waiver of sovereign immunity under the FTCA for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1597 PA (AGRx); LA CV 21-6899 PA (AGRx) | Date | March 26, 2022 |
|---|---|---|---|
| Title | Hideyuki Kimura v. Federal Aviation Administration; Hideyuki Kimura v. Lisa Toscano, et al. | | |

C.F.R. § 14.2(a) ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification[.]").

Here, Plaintiff failed to timely notify the FAA. Plaintiff's claims accrued on April 11, 2017, when the FAA deprived Plaintiff of his commercial pilot's certificate. Plaintiff admits that he sent his SF-95 at the end of 2020, more than two years after his claims accrued. Plaintiff argues that his untimely SF-95 was not the first notice given to the FAA, as he sent thousands of emails and several letters contesting the FAA's suspension of his certificate. (See Docket No. 47 at 11, Kimura v. FAA, 5:21-cv-1597-PA-AGR ("The plaintiff sent a letter to DOT Inspector General on March 18, 2020 because FAA ignored [sic] every NOTICE. The plaintiff sent letters to DOJ IG, FBI, and Chino's local police too.").) However, Plaintiff's repeated attempts to challenge his suspension do not equate to presentment of his claims. See Avery v. United States, 680 F.2d 608, 610 (9th Cir. 1982) ("A claim is presented properly to an agency within the meaning of 28 U.S.C. § 2675(a) when the agency is given sufficient written notice to commence investigation, and the claimant places a value on the claim.").

Plaintiff also argues that his presence abroad since 2016 prevents his claims from being untimely. Equitable tolling is available for FTCA claims so long as a plaintiff has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. See United States v. Kwai Fun Wong, 575 U.S. 402, 420, 135 S. Ct. 1625, 1638, 191 L. Ed. 2d 533 (2015); Menominee Indian Tribe of Wisconsin v. United States, 577 U.S. 250, 255, 136 S. Ct. 750, 755, 193 L. Ed. 2d 652 (2016). Plaintiff fails to establish any extraordinary circumstances that prevented diligent prosecution, and his flurry of filings in these actions highlights the argument's weakness. See Fahmy v. Jay-Z, 835 F. Supp. 2d 783, 791 (C.D. Cal. 2011) ("[T]he mere fact that plaintiff lived in Egypt and speaks little to no English does not toll the statutory period.").

In addition to the grounds for dismissal set forth in the United States' Motion, the Court also finds that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)" and "without notice where the claimant cannot possibly win relief."). Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). Pleadings are assessed under a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1597 PA (AGRx); LA CV 21-6899 PA (AGRx) | Date | March 26, 2022 |
|---|---|---|---|
| Title | Hideyuki Kimura v. Federal Aviation Administration; Hideyuki Kimura v. Lisa Toscano, et al. | | |

infraction].") Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

Here, Plaintiff's fantastical allegations, including damages in excess of $4.5 billion, FAA officials' false reports, evidence tampering, criminal acts, and conspiracy in retaliation for Plaintiff's book, as well as wholly unfounded claims of discrimination, fail to state plausible claims for relief and are patently frivolous, lacking any arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Plaintiff's multiple oppositions showcase this point, as Plaintiff repeatedly argues that he seeks to enforce criminal statutes. (See Docket No. 47 at 2-3, 7-8, 12-13, Kimura v. FAA, 5:21-cv-1597-PA-AGR ("This crime continues to today without a break. It is willfully crime act that FAA did not answer any inquiries repeated for such a long time. . . . The Plaintiff have opened civil lawsuits for damage caused by crime rather than Tort."); Docket No. 54 at 7, Kimura v. FAA, 5:21-cv-1597-PA-AGR ("The plaintiff used the recommendation FORM by the lawyer for NOTICE, but did not claim a single TORT in the complaint. The plaintiff claims to be illegal for crime.").) However, "[c]riminal statutes can be enforced only by the proper authorities of the United States government, such as United States attorneys." Jones v. Goldburn, No. CV 20-8204 PA (ASx), 2020 WL 7089956, at *2 (C.D. Cal. Oct. 31, 2020) (quoting Martinez v. Ensor, 958 F. Supp. 515, 518 (D. Colo. 1997)). Therefore, the Court finds that dismissal of Plaintiff's claims is also appropriate under Rule 12(b)(6).

Based on the allegations contained in Plaintiff's Complaint, Plaintiff cannot amend his allegations to satisfy the requirements of the FTCA or to allege a claim that satisfies the Twombly pleading standard. The Court therefore concludes that amendment would be futile. See Flowers v. First Hawaiian Bank, 295 F.3d 966 (9th Cir. 2002) ("A pro se litigant must be given leave to amend his or her complaint unless it is obviously clear that the deficiencies in the complaint could not be cured by amendment . . . . A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile.").

For all the foregoing reasons, the Court grants the United States' Motion and dismisses Plaintiff's claims without leave to amend. The United States' alternative request for summary judgment is denied as moot. In light of this Order, all outstanding applications and requests are moot and hereby denied. The Court will issue a Judgment in both actions consistent with this Order.

IT IS SO ORDERED.